IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF **DELAWARE**

GBEKE MICHAEL AWALA, at al,
And the people of **American Children abandoned Council.**
Plaintiffs,

Civ. NO. **05 - 368**

VS.
**U.S. Department of State.
International Child Abduction.
U.S. Embassy Nigeria.**
Defendants,

**GROSS Negligence.**

**MOTION FOR CIVIL ACTION**

NOW COMES, the Plaintiffs, Gbeke Michael Awala, and **A.C.A.C**, through Pro Se, respectfully moves this Honorable Court for an Order, Pursuant to the Federal Rules of Civil Procedures Rule **3**. In support the Plaintiffs states as follows:

(1). Jurisdiction and Venue is proper in this Court under 42 U.S.C §§ 1983

(2). Statement of Facts: U.S. Department of State

(3). Statement of Issues: U.S. Embassy Nigeria

(4). Statement of claim: Gbeke M. Awala.

(5). "No Title of Nobility shall be granted." (Article 1. U.S. Constitution Section 9.)

(6). American Disability Act.

1. A.C.A.C. is Committed Valiantly in value to restore the Rights of All American children abandoned and Forgotten abroad Called "Outcast" to restore their Health and bring them Back American.

Case 1:05-cv-00368-KAJ    Document 1    Filed 06/07/2005    Page 2 of 14

Statement of Fact.

(A.) Powers and Duties of the Said Office U.S. Department of State.

(1) In Cases of having a Majority Children abandoned in foreign Country, the territorial principle whereby Jurisdiction of the Department of State extends to protect the National Interest of American Born Citizens personally Injured, over heinous Crimes, Characterized by the Parents Abduction and International Adoption. The Exercise of the Said Office through International Child Abduction, and International Adoption -- reasonably was to examine all relevant factors, to link Support activity to the territory, or has a Support System -- grievously restore American Children scattered Abroad, wanded by Parents who Causes them to be Forgotten.

(2). Because the Plaintiff had Sent letters under his name from Nigeria Africa at age 12, onto the People of the Department at which Time Madam -- ALbriet, was the Secretary of State. They refused to Plead my Cause. My Substantial Right and Substantive due Process Right was abridged.

5/29/05                     (2)

Jurisdiction and Authority.

(B). <u>Statement of the Issue.</u>

(1) The District Court has Jurisdiction pursuant to Title 28 U.S.C section 1331 and; 42 U.S.C. §§ 1983 and; 28 U.S.C. Section 1343: Civil right (i) To recover damages for Injury to his person or property. or because of the deprivation of any right or privilege of a Citizen of the United States.

<u>U.S. Embassy Nigeria.</u>

(2) Congress Intended extraterritorial application of the relevant statute. U.S. v. Bowman, 260 U.S. 94, 43 S.Ct 39, 40, 67 L.Ed 149 (1922). "Because Jurisdiction is Ordinarily exercised on the basis of territorial boundaries of the United States absent Statutory Language or an express statement by Congress to. In U.S. v. Vasquez-Velasco, 15 F.3d 833, 839, n.4 (9th Cir. 1994) citing Restatement (Third) of Foreign Relations Law of the United States Section 402 cmt. a (1987). This Court has ample Jurisdiction.

<u>Article III</u> U.S. Constitution.

<u>Section 2:</u> In all Cases affecting Ambassadors other Public ministers and Consuls, and those in which a State shall be a Party, The

(3)

District Court, both as to Law and Fact, with, and under Such Regulations as the Congress shall make. Thus, This Court has Legal power to hear and decide Cases; Including the Territorial Range of the defendant: U.S. Embassy Nigeria. and under 18 U.S.C.A Section. 2423(b) et seq.

I. EVIDENCE OF MISCONDUCT.

Plaintiff Learn of facts known by other American Born childrens abroad abandoned and witnessed majority Specifically against the Defendant U.S. Embassy in Nigeria, Lagos, Victoria Island, domestic relations with Criminal Practice against the Custody of American Children and their Lack of Support or Maintenance extraterritorially.

(a) The existence of Justified expectations of the defendant was to protect American Interest hurt by Parents to the extent Consistent with the regulation and with the Tradition of the International System.

(b) The Embassy deny Several Constitutionally guaranteed due process requirement that every Individual Citizen Shall have the Protection of a fair

(4)

Treatment:

(c). The Embassy declared unlawful Conduct repugnant to the Intent and purpose Ambassador.

(d) The Plaintiff Cried outside the Embassy in Victoria Island, Lagos on/or around 1983, against the Misconduct, which did violates Substantive due process.

(e) The Plaintiff recalled the behaivor of the U.S. Embassy respondent, in which she acted egregiously and arbitrarily in the Constitutional Sense. For 24 Hrs plaintiff was standing on line to gain access into the Building, as the attendance remains Violence by disturbance, As the Police decided to give chase Plaintiff an American Citizen, was Physically abused and recklessly detained, Just as a Purpose to Cause harm is needed For Eighth Amendment Liability in a Hot Case. The FBI should be Ordered to Inquire about the Misconduct of the U.S. Embassy staff Towards Citizen. On/or October 1 2003, The Plaintiff Placed a Telephone Call and



(5).



A Lady responded, only after one month, and Instructively Compelled MR. Awala to attend a hearing 6 months, from December 10, which could have been JULY 2004. Due to excessive Backlog, so the application for Citizenship may be Processed. The message was left and Send via e-mail voice, not even a regular voice, expressed Physically. MR Awala listened to the Conversation of the woman, "one Kimberly Jones. African American female. The outcome MR Awala now faces could have been different.

(F). The Embassy's action rises above mere Negligent. The Department Conflict over the Subject matter, to protect the National Interest of Citizens, MR Awala should be Characterized as a VICTIM. The Connections, such as nationality, residence, or economic activity gain was the Primary Focus of the U.S. Embassy Nigeria Staff.

(9). A sixteen year old boy, needed money to buy flight Ticket, likewise he approached the United States Embassy for 8 months to no avail. Against Compelled Self Interest the boy approached Some Drug Trafficking Kingpin
(6).

in Ikeja Lagos, Nigeria. Involving in the Intrusion of a persons body by pumping 1 killograms of Cocain or Coca leaf in his stomach. Six days after he was filled with Morphine, heading to New York City. JFK Airport. What the Drug dealer Calls a Civilized Sensible Struggle to Conduct Swallowing through the Mouth Drugs. He was Born In America.

(A). They Brag about easy links to the Embassy Staff, which appears to be a fact. When they Show a Prima facie Evidence of Emigrant Visas naturally enough to query the true due process of Law, as a historic generative Principles, procedures of Alien documentation, Terroristic, thereby Confining this methods extract a fearing Priestly Conclusion that the Embassy Conspired with Drug dealers provide Drug dealers with Visas to the United States For Bribery of Bribery Thousands and Thousands of dollars. The Plaintiff Calculated to discredit the law and the Constitutional Intergrity of the Connection to Stop the Brutality of How Drugs entered Our Country. American.

(B). Plaintiff was a Victim of The misconduct of the defendant.

(7).

(C). <u>Statement of Claim</u> by Gbeke M. Awala.

And As the defendant has Turned their Back on me and not the face; and I told them during my early age, until I was help and applied for Alien Card, due to lack of availability of personal documents as It was unequivocal and now definite and workably clear that I was Born in the United States of America. Yet the defendant Turned against the Instruction of the law. Therefore, making it too hard for me. The Pain and Suffering now facing is based on their Lack of Support System. The outcome would have differ.

The Plaintiff has prepared to give them one heart and one way, that they may fear me for ever, for the good in me and the Interest of my other fellow Americans Scathered in Africa. Compensatory damages: <u>$5 Billion</u> From Both Defendants. excluding Attorneys fees.

(D). <u>U.S. Constitutional: Amendment 14, guarentees</u> No State Shall make or enforce any law which shall abridge the Privileges or Immunities of Citizens of the United States, without due Process and the equal protection of the Law.

Dated: 5/28/05.

(8).

**(E). U.S. CONSTITUTION ARTICLE I. Section 9.**

No Title of Nobility shall be granted by the United States: And no person holding any Office of Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emoluments, office, or Title, of any kind whatever, from any king, Prince, or foreign State.   The Congress did not approved as follows:

<u>In this Case at bar.</u> The Ambassador to the U.S. Embassy in Lagos Nigeria, has for 3 decades — former — <u>Walter Carrington</u>, earned Tens of Title, Nobility, during present time holding Government Office, Title — has "Chief" from local Kings <u>Adeniji Adele</u>, and Observed been Present with may dictators in Africa, and attended Fund raising from Kings for Personal gain — To the point the U.S. Embassy Street <u>"Walter Carrington St, Victoria Island"</u> was named after him during Abacha the late dictator Rule — militia.

The Current Employees who use follow the Same Pattern. Buying Expensive Homes in Nigeria/Cars.

Submitted under Penalty of Perjury.

Dated: 5/28/05.                                                                                           Respectfully Submitted.

(9)

(F) <u>American Disability Act:</u>

For the Foregoing reasons.

<u>The Supreme Court in:</u>

<u>See:</u> Casey v Piphus, 435 U.S. 247, 266, 98 S·Ct. 1042, 55 L·Ed 2d 252 (1978), which Stated that a violation of Procedural due process was actionable without a need to prove actual injury, or actual damages.

In this Case at bar: We have noted a number of differences between this Case and many other pending Cases, We find this differences Controlling Our abilities to establish a Comprehensive treatment Program -- For Provision of Food, Creation of elementary School, Consult with foreign Country Schools, Low Schools in Africa, with Commuttment to <u>American Children abandoned Concil,</u> will N.F.P. discussions with School -- Superintendents, Principals and many teachers in local Government Sections of the West African Region. To determine Most effective ways to Regain Possessions of our American People. Affirmatively bring them or return them from the Same with <u>Just Compensation, Previously assertained</u> in this Civil action. To have the Assistance of the American Disability Act.

(10).

## Conclusion:

The link of the activity to the Territory of the regulating state, the U.S. Department of State and U.S. Embassy Nigeria's Connection, such as nationality, residence or economic benefit towards our fellow Citizens abandoned shall be the Priminary and Secondary focus of the Plaintiff etal.

The right of our Citizens of the United States held in previous condition of Servitude due to gross Negligent by the defendants shall Suspended or eradicated through this great Court. USDC Delaware.

The Plaintiff Prays the Court grant a Summary Judgment In the Interest of Justice. Submitted under oath or affirmation.

Respectfully Submitted

Dated: 8/28/05

Gboke M. Awata

(11).



Case 1:05-cv-00368-KAJ    Document 1    Filed 06/07/2005    Page 14 of 14