IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE M. AWALA,  :

    Plaintiff,

_V_  :

                          :   Civil No. 05-368-KAJ

U.S. Department of state,
International Child Abduction,

Florida State Office of Vital Statistics[1] :

U.S. Citizen and Immigration Service,[1]  :
et al.
    Defendants.  :

MOTION FOR RECONSIDERATION

NOW COMES, THE plaintiff, respectfully moves the Honorable Court to reconsider, the Order, dated January 13, 2006. So ordered to dismiss the Complaint for failure to comply with the Court's Order in matters of Informa Pauperis, the plaintiff has excusable ground for failing to meet that obligation, due to the shortcomings boosted on by the Salem County Jail, however, since the plaintiff is been housed in a much better facility, plaintiff, respectfuly moves the court to reopen the case and allow 30days, extention to properly assert pauper.

    In addition, plaintiff submitts additional parties pursuant to the Fed.R.Civ.P. Rule 14 and 15.[1] The alleged parties were responsible for (1) Office of Vital Statistics: See New York City Department of health issues new birth certificate and also effected a valid name change. Arnold v. Department of Health of City of New York, N.Y.A.D. 1 Dept. 1991, 571 N.Y.S.2d 14, 174 A.D.2d 409.

    In addition plaintiff submission of party U.S. Citizen and Immigration Service, based on its violation of its due process, by

failing to provide the plaintiff due process in his application for his fith and fourteenth Amendment, U.S. Citizenship by Birth, failing to investigate, Instead relying on some in accurate and incredible report of non-existence of records purpoted to the plaintiffs birth and tender age in the United Staes.

With respect to the defendant U.S. Department of States, the party here is fully aware of funds provided by the Federal government, in which the defendant had constructive authority to grant funds, representing money that federal laws and agencies owed to AMERICAN CITIZENS WHOSE "WHEREABOUTS WERE UNKNOWN", which funds were in custody of the United States Department of Treasury pursuant to federal statute; money was federal money and states' plan could direct its use. State of Arizona v. Bowsher (C.A.D.C. 1991), 935 F.2d 332, 290 U.S. App.D.C. 166.

Therefore, the defendants should have reasonably foreseen the injury caused, on the generic issue submitted by Mr. Awala, to which if funds had been granted it is likely than not that the plaintiff would have located his biological missing Mother in the United States, nothwithstanding his presumption of her death, since prejudice was attached, the plaintiff should have been given a reasonable access, instead subjected the plaintiff to confusion and malicious prosecution concerning his birthright.

Submitted under penalty of perjury to be true and correct. WHEREFORE, the plaintiff prays the voice of the court would hear the complaint, because of the plaintiffs inherent right.

Dated. 1/21/06

cc: Defendants:

2-2

Respectfully submitted

GBEKE M. AWALA No. 82074-054
F.D.C. PHILAEDLPHIOA.