IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-368-KAJ |
| | ) |
| U.S. DEPARTMENT OF STATE | ) |
| INTERNATIONAL CHILD ABDUCTION | ) |
| and U.S. EMBASSY NIGERIA, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Gbeke Michael Awala ("Awala"), an inmate currently held at the Federal Detention Center, Philadelphia, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983. Awala proceeds *pro se* and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 2, 10.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more

dismissals described in 28 U.S.C. 1915(g).

According to the records of the Federal Courts, while a prisoner Awala has filed at least twenty civil actions in various federal courts. *See Awala v. Delta Air Lines*, No. 1:05-CV-2128-JEC (N.D.Ga. Aug. 31, 2005). More than three of these cases were dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows: *Awala v. Federal Public Defender,* No. 05-4341 (3d. Cir. Apr. 21, 2006); *Awala v. Wachovia* Corp., No. 05-3381 (3d. Cir. Dec. 8, 2005); *Awala v. People Who Want to Restrict Our First Amendment Rights*, No. 05-3863 (3d Cir. Dec. 8, 2005); *Awala v. 8 U.S.C. § 1326*, Civ. No. 06-012-KAJ (D.Del. Mar. 17, 2006); *Awala v. Stretton*, No. 05-472-KAJ (D.Del. Mar. 3, 2006); *Awala v. U.S. Congress*, Civ. No. 05-307-KAJ (D.Del. Dec. 15, 2005); *Awala v. Delaware River and Bay Authority Police Dep't*, No. 05-97-KAJ (D. Del. Dec. 15, 2005); *Awala v. State of New Jersey Dep't of Corrections*, No. Civ.A. 05-2362FLW (D.N.J. Aug. 23, 2005).

Therefore, Awala may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury " at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard.

The motion for leave to proceed *in forma pauperis* (D.I. 10) is denied. However, Awala is given thirty (30) days from the date of this order to pay the $250.00 filing fee. If Awala does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

DATED: 5/30/06

UNITED STATES DISTRICT JUDGE